IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

        v.

ERIK SCOTT BROWN,

     Defendant.

Case No. 15-cr-40045-JPG

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on consideration of defendant Erik Scott Brown's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 57).   Counsel voluntarily appeared for the defendant and has moved to withdraw the defendant's *pro se* motion because he does not believe the defendant is eligible for a reduction (Doc. 65).   The Government has responded to counsel's motion indicating it agrees that the defendant is not eligible for a reduction (Doc. 67).   The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to one count of distribution of heroin resulting in death and one count of possession with intent to distribute heroin.   At sentencing, the Court found that the defendant's base offense level under U.S.S.G. § 2D1.1(a)(2)[1] was 38 because his crime resulted in death.   His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because the defendant accepted responsibility for his crimes.   This established a total offense level of 35.

The defendant was in criminal history category IV based on his accumulation of 9 criminal history points, 2 of which were assessed because he was under a criminal sentence when

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2015 version.

he committed the offenses of conviction ("status points").   *See* 1st Rev. PSR ¶ 48-50.   This yielded a guideline sentencing range of 240 to 293 months in prison.   The Court imposed a sentence of 276 months on the distribution count and 240 months on the possession count, all to run concurrently.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.   For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2]   Amendment 821 is retroactive.   *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points.   This does not apply to the defendant because he was assessed criminal history points.

Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).   Amendment 821 did not lower the defendant's guideline sentencing range.   It is true that it reduced the defendant's criminal history points from 9 to 8, but he still falls within criminal history category IV.  *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. !.   Thus, Amendment 821 did not result in a lower criminal history category, and it did not lower the defendant's guideline sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 65) and **DENIES** Brown's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 57).   CJA Panel Attorney Joseph Flees is terminated as counsel in this case with the Court's sincere thanks for providing this *pro bono* representation.

**IT IS SO ORDERED.**
**DATED:   June 3, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**